UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| In re:<br>LILLIAN MEYER TRAPSE SISAYAN and ISAGANI MALLARI SISAYAN,<br>    Debtors, | No. 2:23-cv-01785 WBS<br>Bankr. No. 21-22496 |
| RELIANCE COMMUNITY, INC., et al.,<br>    Appellants,<br>  v.<br>DIGNITY HEALTH, et al.,<br>    Appellees. | ORDER REMANDING CASE<br><br>Adversary No. 23-02027-C |

----oo0oo----

Appellants brought certain claims against appellees in an adversary proceeding related to debtors' bankruptcy proceedings. The Bankruptcy Court denied in part appellants' motion to remand to state court their claims against appellees, and appellants then appealed to this court.

1

1         The Bankruptcy Court has since filed an indicative ruling under Federal Rule of Bankruptcy Procedure 8008.  (Docket No. 19.)  In the indicative ruling, the Bankruptcy Court states, among other things, that the Chapter 7 discharge of the debtors on February 23, 2024 "materially alters the context of the remand issue," and the bankruptcy court is now prepared to order remand of the entire action, with the exception of a counterclaim alleging a violation of the automatic bankruptcy stay.

          While appellants take issue of certain aspects of the bankruptcy court's indicative ruling, they do not appear to take issue with the bankruptcy court's authority to issue an indicative ruling or this court's authority to remand the case in light of a bankruptcy court's indicative ruling.  (See Docket No. 20.)  Appellants also do not dispute that the discharge of the debtors has materially altered the nature of the adversary proceeding and do not dispute that the claims should be remanded to state court -- the very relief they originally requested.

          Even assuming this court has the authority to address the new circumstance of debtors' discharge in the first instance, this court declines to do so and will remand the case for further proceedings on appellants' motion to remand to state court.  This court expresses no opinion as to appellants' arguments as to the indicative ruling and notes that they remain free to raise such arguments with the bankruptcy court on remand.

          IT IS THEREFORE ORDERED that this case be, and the same hereby is, REMANDED to the Bankruptcy Court for further proceedings in light of debtors' discharge.  Pursuant to Federal Rule of Bankruptcy Procedure 8008, this court retains

jurisdiction over this appeal.  The parties shall promptly notify this court when the bankruptcy court decides appellants' motion to remand.

Dated:  August 22, 2024

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE